IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**SID LaROY MARTIN,**

            **Petitioner,**

     v.                         CASE NO.  06-3163-RDR

**JOHNSON COUNTY**
**DISTRICT COURT,**

            **Respondent.**

### O R D E R

This pro se pleading was submitted by an inmate of the Johnson County Adult Detention Center, Olathe, Kansas (JCDC). Petitioner states he is seeking relief under the Fifth Amendment of the United States Constitution from "excessive bail."

In support of this action, petitioner alleges the following. He was arrested in February, 2006, in Johnson County for criminal damage to property.  Bail was initially set at $10,000, and reduced at a hearing to $5,000.  He "posted bail via a bail-bondsman and was scheduled for a preliminary hearing on March 24, 2006."  However, his bail was revoked on March 24, 2006, and he was arrested in the Johnson County courtroom for the additional charge of violating a protection from abuse order.  The $5,000 bail for the initial charge was revoked and bail was raised to $50,000.  Bail of $50,000 was also set for the additional charge for a total bail amount of $100,000.

Petitioner claims his initial bail was revoked and raised "solely based on a falsified affidavit" provided by his wife to the district attorney, and that sufficient steps were not taken to have her employer substantiate her allegations.  He also

alleges the district attorney provided the court with false information as to his prior convictions. Petitioner has been appointed counsel, but complains that counsel sought a continuance "against (his) request for a dismissal," and he has only spoken to his attorney for about a minute before both his pre-trial proceedings. He also complains that his attorney has not filed anything contesting his bail and has not investigated his claims of illegal arrest or the falsity of the affidavit. Petitioner alleges he is not likely to jump bail.

Mr. Martin asks this court "for an expedient hearing for the State to justify such an excessive bail" and to protect his constitutional rights.

Mr. Martin has not satisfied the filing fee requirement in this case. He has not submitted any filing fee or motion to file without prepayment of fees to this court. It is not clear that he even intended to file an action in this court. In any event, before this action may proceed further in this court, petitioner must either pay the filing fee or file a proper motion on forms provided by the clerk of the court upon request. However, since it appears this action should be dismissed as not properly before this court at this time, the court will simply dismiss the action without prejudice[1].

---

[1] Petitioner submitted a letter to this court with attached "information," which was filed as a Supplement to the Petition (Doc. 2). Therein, he asks this court to direct the information to the proper authorities. The information includes a copy of a Motion to Dismiss with a caption "In the District Court of Johnson County, Kansas (municipal)" certifying a copy was sent to this court. Also attached are documents relating to petitioner's claims. It is petitioner's responsibility, not this court's, to transmit this information to any court or authorities of his choosing other than this court. If petitioner intended that any of these materials be filed in his state criminal proceedings or sent elsewhere, he will need to submit the materials to those places himself.

The proper procedure for challenging bail in a pending state criminal proceeding is by motion for reduction of bail in the court which set bail, and appeal to the state appellate courts from an order denying such motion.  See Younger v. Harris, 401 U.S. 37, 43-45 (1971); O'Shea v. Littleton, 414 U.S. 488, 500 (1974).

Petitioner does not specify the nature of the suit he seeks to pursue in this federal court, but upon initial screening it appears to be in the nature of a petition for writ of habeas corpus by a state prisoner.  Such an action would be pursuant to 28 U.S.C. 2241, since it plainly appears that petitioner has been charged with state crimes, but not yet tried or convicted.  It also plainly appears that petitioner has not exhausted state court remedies on his claim of either excessive bail or alleged disagreements with appointed counsel.  Petitioner presents no special circumstances requiring this court to adjudicate his claims prior to his state trial.  Petitioner must present any challenges he has to state criminal proceedings to the trial court in which those proceedings are pending, either pretrial or during trial, and if not satisfied with that court's decisions, must raise his claims on direct appeal to the state appellate courts and ultimately to the Kansas Supreme Court.

**IT IS THEREFORE ORDERED that this action is dismissed without prejudice for failure to exhaust state remedies.**

**IT IS SO ORDERED.**

**DATED:  This 28th day of June, 2006, at Topeka, Kansas.**

                                        **s/RICHARD D. ROGERS**
                                        United States District Judge